UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PATIENCE O'DOWD and GARY MILES,<br><br>Defendants. | **ORDER GRANTING IN PART AND DENYING IN PART MOTION IN LIMINE RE: BODYCAM VIDEO DATED AUGUST 4, 2020 (DOC. NO. 125)**<br><br>Case No. 2:20-cr-00332<br><br>Magistrate Judge Daphne A. Oberg |

Defendant Gary Miles seeks an order prohibiting the United States from introducing a bodycam video at trial. (Mot. in Limine Re: Bodycam Video Dated August 4, 2020 ("Mot"), Doc. No. 125.) Mr. Miles seeks exclusion of the recording in full but, alternatively, seeks exclusion of the audio portion or limiting the evidence to still photographs. (*Id.* at 1.) The court held a hearing on this motion on September 20, 2022. (Min. Entry, Doc. No. 153.) The motion is granted in part. Where the statements are hearsay, the audio is excluded in full and must be muted if the video is used.

## BACKGROUND

The video at issue is a recording of interactions between Ranger Karl Hilderbrand and Defendants Patience O'Dowd and Mr. Miles.[1] (Mot. 1, Doc. No. 125.) In this video, Mr. Hilderbrand walks around a campsite, making observations about items and vehicles, and converses with Mr. Miles and Ms. O'Dowd. (*Id.* at 1–2.) Mr. Miles seeks exclusion on two

---

[1] Mr. Miles did not file the video as a hearing exhibit but subsequently submitted it for the court's review.

1

grounds:[2] (1) that the video is inadmissible hearsay, and (2) its probative value is outweighed by the danger of unfair prejudice. (*Id.* at 3–5.) The United States opposes the motion, except that it concedes the following statements should be muted: where Mr. Hilderbrand tells Mr. Miles "it was too late"; where he says "that's not how it works" to Mr. Miles and Ms. O'Dowd; and where he tells Mr. Miles and Ms. O'Dowd they received the ranger's letter. (United States' Opp'n to Mot. in Limine Re: Bodycam Video Dated August 4, 2020 ("Opp'n") 3 n.2, Doc. No. 143.)

The remaining statements at issue are Mr. Hilderbrand's statements narrating the inventory of a campsite, statements comparing items at the campsite to those found elsewhere on the range, observations that items have been used for a while, observations that certain items indicated someone was living at the campsite, and statements that some trailers lacked license plates. (Opp'n 2–3, Doc. No. 143.)

## LEGAL STANDARDS

Hearsay is a statement that "the declarant does not make while testifying at the current trial" and is offered "to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Unless otherwise provided by a federal statute or the rules of evidence, hearsay is inadmissible. Fed. R. Evid. 802. Rule 803(1) of the Federal Rules of Evidence provides an exception to the rule against hearsay for present sense impressions—"[a] statement describing an event or condition, made while or immediately after the declarant perceived it." Fed. R. Evid. 803(1).

---

[2] Originally, Mr. Miles also sought exclusion on the grounds that the recording violated Mr. Miles' right to remain silent. (Mot. 2, Doc. No. 125.) Mr. Miles later withdrew this argument, as confirmed at the hearing. (*See* Ex. 1 to United States Opp'n to Mot. in Limine, Doc. No. 143-1; Min. Entry, Doc. No. 153.)

ANALYSIS

Mr. Miles argues Mr. Hilderbrand's statements are inadmissible hearsay statements. (Mot. 3–4, Doc. No. 125.) He also argues the statements regarding the lack of license plates is unfairly prejudicial. (*Id.* at 4.) The United States opposes Mr. Miles' motion, arguing the defendants cannot dictate how the United States can present its case. (Opp'n 5, Doc. No. 143.) The United States does not assert the statements are offered for any purpose other than the truth of the matter asserted. *See* Fed. R. Civ. 801(c). However, the United States argues the statements are admissible nevertheless, as present sense impressions. (Opp'n 5, Doc. No. 143.)

Mr. Miles, as the party seeking to exclude evidence, has the initial burden of demonstrating the evidence is inadmissible. *See Wheatridge Office, LLC v. Auto-Owners Ins. Co.*, 578 F. Supp. 3d 1187, 1201 (D. Colo. 2022). He has met this burden by establishing the statements are being offered for the truth of the matter asserted. The burden then falls to the United States to prove the applicability of a hearsay exception. *United States v. Samaniego*, 187 F.3d 1222, 1224 (10th Cir. 1999). The United States contends the statements fall within the exception for present sense impressions, detailed in Rule 803(1) of the Federal Rules of Evidence. (Opp'n 5, Doc. No. 143.)

Rule 803(1) requires that "the statement must describe or explain the event perceived;" "the declarant must have in fact perceived the event described;" and "the description must be substantially contemporaneous with the event in question." *United States v. DeLeon*, 406 F. Supp. 3d 1129, 1163 (D.N.M. 2019) (internal quotation marks omitted). This hearsay exception only applies to "reports of what the declarant has actually observed through the senses, not to what the declarant merely conjectures." *Id.* (internal quotation marks omitted). The rationale underlying Rule 803(1) is that the "substantial contemporaneity of event and statement

3

minimizes unreliability due to defective recollection or conscious fabrication." *Id.* (internal quotation marks omitted).

The United States has not established Mr. Hilderbrand's statements fall within this hearsay exception. For instance, his statements that various items appear to have been in use for a while and his observations that certain items indicated someone was living at the campsite are not present sense impressions. These statements are Mr. Hilderbrand's opinions or conjectures as to the significance of the items, offered for the truth of the matter asserted. Accordingly, these statements are hearsay and inadmissible. Similarly, Mr. Hilderbrand's statements comparing items to those found elsewhere on the range are not present sense impressions. Mr. Hilderbrand does not simply describe what he sees, he compares water troughs on site to those he saw at some unknown time in the past. These constitute inadmissible opinion statements.

Lastly, the United States has not established Mr. Hilderbrand's statements taking an inventory of items and noting some trailers lacked license plates are present sense impressions as opposed to testimonial statements. At the hearing, Mr. Miles argued these statements do not qualify as present sense impressions because Mr. Hilderbrand was not describing an "event," he was taking an investigative inventory. The United States argued Mr. Miles' definition was too narrow: the "event" was Mr. Hilderbrand's observation of what he saw. But the United States has not carried its burden to establish an investigative inventory, conducted for purposes of gathering and documenting evidence, constitutes a present sense impression as opposed to a testimonial statement subject to cross-examination. Discussing some tension in its formulations of "testimonial" in *United States v. Smalls*, 605 F.3d 765 (10th Cir. 2010), the Tenth Circuit noted:

> [W]e might today formulate a definition of a testimonial statement which reads: a formal declaration made by the declarant that, when objectively considered,

4

> indicates the primary purpose for which the declaration was made was that of establishing or proving some fact potentially relevant to a criminal prosecution. Or, to better conform to the current state of Tenth Circuit precedent, we might say: A formal statement is testimonial if a reasonable person in the position of the declarant would objectively foresee that the primary purpose of the statement was for use in the investigation or prosecution of a crime.

*Id.* at 778. Under either definition, Mr. Hilderbrand's investigative inventory would constitute testimonial statements. And if statements are testimonial, the present sense impression exception does not apply. In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court made clear that "where testimonial statements are involved, we do not think the Framers meant to leave the Sixth Amendment's protection to the vagaries of the rules of evidence." *Id.* at 61; *see also United States v. Baines*, 486 F. Supp. 2d 1288, 1300 (D.N.M. 2007). Where the United States has not presented any legal authority establishing statements made pursuant to an investigative inventory do not constitute testimonial statements, the statements are inadmissible. Because Mr. Hilderbrand's statements constitute inadmissible hearsay, it is unnecessary to address Mr. Miles' remaining arguments.

## CONCLUSION

Where the statements in the bodycam recording are inadmissible hearsay, they are inadmissible. However, only the audio of the recording is inadmissible. Accordingly, Mr. Miles' motion, (Doc. No. 125), is granted in part and denied in part. It is granted as to the audio

5

of the recording but denied as to the video. If the United States seeks to admit the bodycam video from August 4, 2020 into evidence, the audio must be excluded in its entirety.

DATED this 25th day of September, 2022.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge