UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PATIENCE O'DOWD and GARY MILES,<br><br>Defendants. | **ORDER GRANTING IN PART AND DENYING IN PART MOTION IN LIMINE RE: BODYCAM VIDEO DATED MAY 28, 2020 (DOC. NO. 127)**<br><br>Case No. 2:20-cr-00332<br><br>Magistrate Judge Daphne A. Oberg |

Defendant Gary Miles seeks an order prohibiting the United States from introducing a bodycam video at trial.[1] (Mot. in Limine Re: Bodycam Video Dated May 28, 2020 ("Mot"), Doc. No. 126.) Mr. Miles seeks exclusion of the video in full but, alternatively, seeks exclusion of the audio portion or limiting the evidence to still photographs. (*Id.* at 1.) The court held a hearing on the motion on September 20, 2022. (Doc. No. 153.) Where the some of the statements are inadmissible, the motion is granted in part.

<u>BACKGROUND</u>

The video is of a vehicle stop on May 28, 2020, where Bureau of Land Management ("BLM") and Emery County Sherriff officers stopped Mr. Miles and his codefendant, Patience O'Dowd, as they were driving in the Page Flats area. (Mot. 1, Doc. No. 127.) The video contains statements regarding Mr. Miles' prior arrests and charges; statements by the officers that installing water troughs harms wild burros; and the officers tell Mr. Miles and Ms. O'Dowd

---

[1] Mr. Miles did not file the video as a hearing exhibit but subsequently submitted it for the court's review.

1

that "whoever is putting water troughs on BLM-lands is not authorized to do so." (Opp'n 2, Doc. No. 141.) Mr. Miles seeks exclusion on two grounds:[2] (1) the video is improper use of prior bad acts evidence and (2) its probative value is outweighed by the danger of unfair prejudice. (*Id.* at 3–5.)

## LEGAL STANDARDS

The party seeking to exclude evidence has the initial burden of demonstrating the evidence is inadmissible. *Wheatridge Office, LLC v. Auto-Owners Ins. Co.*, 578 F. Supp. 3d 1187, 1201 (D. Colo. 2022). Rule 404(b) of the Federal Rules of Evidence prohibits using "evidence of another crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Using prior bad acts to show a defendant acted in conformity with a particular character trait and committed the charged offense "is prohibited because it is prejudicial." *United States v. Commanche*, 577 F.3d 1261, 1267 (10th Cir. 2009). However, evidence of other crimes, wrongs, or acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Even then, the evidence must be relevant and the relevance must "not depend on a defendant likely acting in conformity with an alleged character trait." *Commanche*, 577 F.3d at 1267. In addition, under Rule 403 of the Federal Rules of Evidence, a "court may exclude relevant evidence if its probative value is substantially outweighed by a

---

[2] Originally, Mr. Miles also sought exclusion on the grounds that the recording violated his right to remain silent. (Mot. 2, Doc. No. 127.) Mr. Miles later withdrew this argument, as confirmed at the hearing. (*See* Ex. 1 to Opp'n, Doc. No. 141-1; Min. Entry, Doc. No. 153.)

2

danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

ANALYSIS

I.       Statements Regarding Authorization

In the video, the officers told Mr. Miles and Ms. O'Dowd that whoever was putting the water troughs on the BLM land was unauthorized to do so.  (Opp'n 3, Doc. No. 141.)  And Mr. Miles and Ms. O'Dowd demonstrated they heard the officers' statement.  (*Id.*)  The United States contends this evidence establishes Mr. Miles and Ms. O'Dowd were on notice, as of May 28, 2020, that installing water troughs on BLM land was illegal.  (*Id.* at 4–5.)  Because this statement does not pertain to any prior bad acts, it cannot be excluded on this ground.  The statement has probative value because it could show the extent of the defendants' knowledge.  And this probative value is not outweighed by the danger of unfair prejudice.  Nothing about the officers advising the defendants that water troughs were unauthorized—or the defendants demonstrating they heard this—is unfairly prejudicial.  The motion in limine is denied as to statements.

II.      Statements Regarding Prior Arrests

In the video, Mr. Miles stated he had been charged fifteen times and arrested at least six other times.  (*See* Opp'n 3–4, Doc. No. 141; Video at 18:45–18:52 (May 28, 2020).)  Mr. Miles argues this constitutes inadmissible character evidence and is unfairly prejudicial.  (Mot. 4, Doc. No. 127.)  The United States disagrees, arguing Mr. Miles' prior arrests are relevant because they tend to show he knew he was violating the law and intended to keep doing so.  (Opp'n 5, Doc. No. 141.)

Mr. Miles' statements about his prior charges and arrests are unfairly prejudicial.  First, it is unclear whether they are relevant (whether Mr. Miles' prior charges and arrests stem from

3

illegal activity on public lands or whether they are unrelated entirely).  Even assuming the statements are relevant, their probative value is substantially outweighed by the danger of unfair prejudice and confusing the jury.  First, there is no evidence Mr. Miles was ever convicted of any prior offenses—that the arrests or charges ever led to a finding of guilt.  If the statements are admitted, Mr. Miles may find he needs to explain to the nature of the arrests and charges to the jury—which the government may then dispute.  This could lead to a trial within a trial on fifteen separate events, confusing the issues and the jury, and turning the focus of the trial away from the offenses at issue in this case.  Next, this evidence is unfairly prejudicial.  If the jury hears Mr. Miles has been charged fifteen times and arrested six times, it may lead them to assume he has a bad character and must have committed the crimes charged here.  Therefore, any probative value of the statements is substantially outweighed by the danger of unfair prejudice and confusing the issues.  *See* Fed. R. Evid. 403.  The statements in the video by Mr. Miles regarding his prior arrests are inadmissible.

III.   Statement Regarding Arrest

Mr. Miles stated in the video that the officers could arrest him again that day if they chose.[3]  (Mot. 4, Doc. No. 127; Opp'n 5, Doc. No. 141.)  Mr. Miles claims this is unfairly prejudicial because it improperly suggests he was subject to arrest or had a guilty conscience.

---

[3] The parties dispute whether Mr. Miles asked whether he was going to be arrested or stated the officers could arrest him again.  (*See* Mot. 4, Doc. No. 127; Opp'n 5, Doc. No. 141.)  Based on a review of the video, it appears Mr. Miles stated the officers could arrest him again that day.

(Mot. 4, Doc. No. 127.)  The United States argues this statement shows instead that Mr. Miles had no intention of ceasing his conduct.  (Opp'n 5, Doc. No. 141.)

This statement has little probative value, regardless of whether Mr. Miles asked if he was being arrested or stated officers could arrest him.  First, nothing in the record establishes Mr. Miles or Ms. O'Dowd were engaged in illegal conduct at the time of the vehicle stop. Indeed, the officers told Mr. Miles they were not going to arrest him.  Next, the statement raises the same issues as Mr. Miles' statement about his prior arrests.  By saying officers can arrest him "again," Mr. Miles implied he had been arrested before, which is unfairly prejudicial for the reasons noted above.  Finally, the statement has limited probative value because it can either be seen as suggesting knowledge of guilt or it can be seen as a challenge to how the officers use their arrest authority.  Either way, it has limited probative value as to whether Mr. Miles actually committed a crime.  And this limited value is substantially outweighed by unfair prejudice.  Accordingly, this statement on the video is inadmissible.

IV.    Statement Regarding Intent to Continue Engaging in Illegal Conduct

The United States contends Mr. Miles indicated on the video that he knew installing the water troughs was illegal but he intended to do it anyway.  (Opp'n 3, Doc. No. 141.)  The United States argues this shows Mr. Miles' intent to commit the crimes charged.  (*Id.* at 5.)  It is unclear from the recording submitted if and when this statement can be heard on the video. If Mr. Miles seeks to challenge the admissibility of this statement, he must file a notice providing the precise time stamp on the video where this statement can be heard.  This must be filed by September 26, 2022.  In the interim, any ruling on the admissibility of this statement is reserved.

5

V.      Statements Regarding Harm to Burros

Lastly, the video captures statements by the officers explaining to Mr. Miles and Ms.

O'Dowd that installing water troughs on public land harms wild burros and that BLM

employees were tracking the burros' access to water.  (Opp'n 5–6, Doc. No. 141.)  The

United States contends it does not seek to introduce this evidence unless Mr. Miles or Ms.

O'Dowd raises a necessity defense.  (*Id.* at 6.)  The court has already ruled that the defendants

are precluded from raising a necessity defense, which moots this issue.  (*See* Mem. Dec. and

Order, Doc. No. 159.)

CONCLUSION

Mr. Miles' motion, (Doc. No. 127), is granted in part and denied in part.  The motion

is granted as to Mr. Miles' statements regarding his prior arrests and charges and his

statement that the officers could arrest him again.  These statements are excluded and must be

muted if the video is entered into evidence.  The motion is denied as to the officers'

statements regarding the lack of authorization to place water troughs.  The court reserves

ruling on the statement that Mr. Miles knew watering wild horses and burros was illegal and

he intended to continue doing so.  If Mr. Miles seeks to exclude this statement, he must

submit the time stamp at which it can be heard on the video by September 26, 2022.

DATED this 25th day of September, 2022.

BY THE COURT:

Daphne A. Oberg
Daphne A. Oberg
United States Magistrate Judge